# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BELINDA MOSTELLER** | : | **CIVIL ACTION NO. 1:CV-06-0973** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL J. ASTRUE** | : | |
| **Commissioner of Social** | : | |
| **Security Administration** | : | |
| | : | |
| Defendant | : | |

## <u>ORDER</u>

AND NOW, this 14th day of September, 2007, upon consideration of the report and recommendation of the magistrate judge (Doc. 9), to which objections were filed (Doc. 14), and, following an independent review of the record, it appearing that the administrative law judge ("ALJ") adequately considered all clinical signs and laboratory findings that could indicate the existence of any

medically determinable impairment,[1] and that the ALJ's determination is supported by substantial evidence on the record,[2] see Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999) (noting that when the ALJ evaluates the effects of a plaintiff's pain and symptoms on his or her ability to work, the ALJ must make a determination, based upon objective medical evidence, regarding the accuracy of the plaintiff's claims), it is hereby ORDERED that:

---

[1] After consideration of plaintiff's motion to remand (Doc. 10), the magistrate judge correctly concluded that plaintiff's January 2007 cervical operation was not material evidence and should not be taken into account in the disposition of the case. (Doc. 13.) According to the United States Court of Appeals for the Third Circuit, remand is only permitted when both new and material evidence exists. Szubak v. Sec'y of Health and Human Serv., 745 F.2d 831, 833 (3d Cir. 1984). The "new" evidence requirement is satisfied because the surgery occurred approximately one year after the ALJ's determination. The evidence, however, fails the "materiality" requirement. For evidence to be material it must not only be relevant and probative, but also have a reasonable possibility of altering the Commissioner's original determination. Id. ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."). Because a plethora of plaintiff's own physicians determined that plaintiff did not suffer from a disability, the magistrate judge properly concluded that plaintiff's cervical operation was the result of a "subsequent deterioration of [a] previously non-disabling condition." (Doc. 13 at 16.)

[2] The ALJ's decision was based, in large part, upon medical records, laboratory findings, and the plaintiff's physicians' statements. (See Doc. 13 ("[T]he plaintiff's own physicians opined on various occasions that the plaintiff would be capable of performing work activity at the medium or light exertional level.")).

1. The report and recommendation of the magistrate judge (Doc. 13) is ADOPTED.

2. The plaintiff's motion to supplement records and remand the instant action based on new evidence (Doc. 10) is DENIED.

3. Plaintiff's appeal from the decision of the Commissioner of Social Security (Doc. 1) is DENIED.

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge